**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERTO CEBALLOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. |
| FULLETT ROSENLUND ANDERSON P.C., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Roberto Ceballos, by and through counsel, brings this action under the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that

Defendant's debt collection actions violated the FDCPA, and to recover damages for the

Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) of the FDCPA, and

28 U.S.C. § 1331.

2.      Venue is proper in this District because the acts and transactions occurred here,

and Defendant transacts substantial business here.

### PARTIES

3.      Plaintiff, Roberto Ceballos ("Mr. Ceballos" or "Plaintiff"), is a resident of the

State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt

allegedly owed to Jazz on the Boulevard Community Association, for homeowner assessment

charges. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the

FDCPA.

1

4.     Defendant Fullett Rosenlund Anderson, P.C. ("Fullett"), is an Illinois based law firm, with its principal place of business at 430-440 Telser Road, Lake Zurich, Illinois 60047. Fullett does or transacts business in Illinois.

5.     Fullett regularly collects, or attempts to collect, consumer debt owed to another.

6.     Fullett acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

7.     Fullett also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8.     Defendant has alleged that Plaintiff incurred a debt due to allegedly defaulted home owner association fees to Jazz on the Boulevard Community Association, NFP. ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

9.     Defendant has alleged that Plaintiff failed to pay the full balance and that the account later entered default.

10.     Fullett began attempting to collect the alleged debt from Plaintiff, and sent Plaintiff a collection letter on or about March 6, 2018. (Exhibit A, Collection Letter)[1].

11.     The Letter conveyed information regarding the alleged debt, including the balance due on the alleged debt, the alleged creditor, and a demand for payment.

12.     The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

---

[1] The Collection Letter attached as Exhibit A is identical to the one sent to Plaintiff, except the attached has been stamped by the Clerk of the Circuit Court of Cook County and the letter "A" included in the corner.

13.     The Letter was Defendant's initial communication to Plaintiff.

14.     The letter initially stated in relevant part:

This is the NOTICE that payment in full of the amount stated above is demanded of the owner and that, unless payment of the FULL AMOUNT is made on or before the expiration of thirty-four (34) days after the date of mailing of this Notice, THE ASSOCIATION MAY SEEK TO TERMINATE ANY RIGHT TO POSSESSION OF THE PREMISES.

15.     The letter made clear that it was demanding the full amount of the alleged debt, $6,276.93, to be paid no later than 34 days after the letter was mailed, which was on or after March 6, 2018.

16.     The letter contained a purported § 1692g noticed which stated:

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. IF YOU DISPUTE THE DEBT WITHIN THE 30 DAY PERIOD, THIS OFFICE WILL SUSPEND ITS EFFORTS TO COLLECT THE DEBT UNTIL THE INFORMATION IS MAILED.

17.     Defendant's Letter demanded payment within 34 days of the letter being mailed, while allowing Plaintiffs 30 days from the date the letter was received to dispute the alleged debt.

18.     Section 1692g of the FDCPA states in relevant part:

**§ 1692g. Validation of debts.**

**(a) Notice of debt; contents**

        **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

3

\*\*\*

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

\*\*\*

**(b) Disputed debts**

**…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

19.     Defendant violated § 1692g, by demanding full payment from Plaintiff "… on or before the expiration of thirty (34) days after the date of mailing of this notice…", while providing Plaintiff "… thirty days after you receive this letter…" to dispute such debt, since the Letter confounded, overshadowed, eviscerated, and incorrectly set forth the 30-day validation notice required by § 1692g(a) of the FDCPA.

20.     Section 1692g requires that a debt collector include a validation notice either with, or within five days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with procedures under which a consumer may dispute a debt, require verification of a debt, or obtain certain information about the original creditor within thirty days after receipt of the notice from a debt collector.

4

21.     Under the FDCPA this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the unsophisticated consumer. (*Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518–19 (7th Cir. 1997); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997)).

22.     Fullett demanded payment from Plaintiff at a time that could be prior to the expiration of the statutorily mandated 30-day dispute period under § 1692g, since it is likely that the consumer would not have the letter delivered to them until March 10, 2018.

23.     As a result, the letter effectively eviscerates the protections of § 1692g by reducing the consumer's rights by overshadowing the dispute period and instead demanding payment within a shorter period of time.

24.     Plaintiff was deprived of his statutory rights to accurate information and notice under the FDCPA.

25.     Defendant's letter states in relevant part:

**IN YOU DISPUTE THE DEBT WITHIN THE 30 DAY PERIOD, THIS OFFICE WILL SUSPEND ITS EFFORTS TO COLLECT THE DEBT UNTIL THE INFORMATION IS MAILED.**

(Exhibit A, Collection Letter).

26.     Section 1692g(b) of the FDCPA states in relevant part:

**§ 1692g. Validation of debts.**

**(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

27. Defendant violated § 1692g(b) when it communicated to Plaintiff that debt collection efforts would be suspended if Plaintiff disputed the debt within 30 days, until verification is mailed, when that is only the case if the dispute is sent in writing.

28. The FDCPA only requires a debt collector to cease collection of a debt upon notification that the consumer disputes the debt or a portion of the debt, or requests the name and address of the original creditor.

29. Defendant's statement would lead a consumer to believe that if the consumer disputed or requested verification of the debt that Defendant would cease its collection efforts until it mails the consumer verification of the debt. Yet Defendant has no obligation to respond to the consumer's request, nor would Defendant be required to cease its collection activity.

30. Thus, the consumer, by disputing or requesting verification of the debt as directed in Defendant's Letter, would lose his or her opportunity to dispute the debt within the 30-day period that triggers the protections of the FDCPA, if they did not do so in writing.

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff realleges the previous paragraphs as if set forth fully in this count.

33. Defendant violated § 1692g, by demanding full payment from Plaintiff "… on or before the expiration of thirty-four (34) days after the date of mailing of this notice…", while providing Plaintiff "… thirty days after you receive this letter…" to dispute such debt, since the Letter confounded, overshadowed, eviscerated, and incorrectly set forth the 30-day validation notice required by § 1692g(a) of the FDCPA.

34.     Defendant violated § 1692g(b) when it communicated to Plaintiff that debt collection efforts would be suspended if Plaintiff disputed the debt within 30 days, until verification is mailed, when that is only the case if the dispute is sent in writing.

35.     Plaintiff suffered an informational injury since he was provided with false information regarding his rights.

36.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendant for:

A.     Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);

B.     Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

C.     Such other and further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-858-3239
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys


## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys

8